WILLIAM W. DOWNING *v.* HINDS COUNTY.

POSTAGE. *Chancery clerk. Board of supervisors. Code* 1892, § 296.

It is the duty of the board of supervisors, under Code 1892, § 296, requiring it to furnish the county officers with necessary stationery, furniture and "all other necessary articles," to furnish the necessary postage to be used in the official business of the clerk of the chancery court.

FROM the circuit court of, first district, Hinds county.

HON. D. M. MILLER, Judge.

Downing, appellant, was plaintiff and Hinds county, appellee, defendant in the court below. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

C. M. Williamson, for appellant.

Section 296 provides that the board of supervisors shall provide for "supplying all county offices with necessary record books, stationery, seals, presses, iron safes, tables, chairs, furniture and all other necessary articles, etc., and on the order of the circuit court or the chancery court shall allow all sums expended for supplying the offices and court rooms with all such necessary articles.

Section 926 of the code provides that the circuit and chancery courts shall make allowances to the clerks thereof of all needful sums for supplying the offices and courts with necessary stationery, furniture, etc., such allowance to be certified to the board of supervisors when made. The simple question in this case is, do these statutes authorize the payment of bills for postage stamps used in the chancery clerk's office in the conduct of the public business? Or must the clerk pay it out of his private funds?

We insist that the law authorizes and requires postage stamps to be furnished. Surely if letter heads and envelopes come under the head of stationery, postage stamps, without which the envelopes and letter heads would be useless, would be included. Are not stamped envelopes stationery? A postage stamp is "an official mark or stamp attached to or embossed on an envelope to pay the charges for the carriage of an enclosed letter through the mails."

Should the clerk buy stamped envelopes with the letter heads and other stationery and present the bill under the head of stationery, would the board of supervisors not only be authorized, but required, to pay it? We think so, unquestionably. What is the distinction when the clerk buys the stamps separately, and then attaches them to the envelopes? The construction given to the statute by the board of supervisors and the lower court requires the clerk to pay the largest part of the stationery bill for carrying on his official correspondence.

The court below held that the stamps were not stationery,

because not mentioned in the statute, and not mentioned in any definition of the term. Under this ruling ink stands would not be included; paper fasteners and many other articles not mentioned, but all of which are necessary articles, and are always sold as stationery by stationers, and all supplied to the clerk, would not be included.

The courts have allowed the purchase of typewriters for copying on record books under the terms "necessary stationery, and other necessary articles for the office."

But if the term stationery does not embrace postage stamps, the legislature used at the end of the enumeration a general clause that does cover postage stamps, to wit:

"And all other necessary articles." That stamps are necessary articles is not disputed.

As stamps cannot be speculated in, they are furnished to the state officers as they are needed. When we look to all of the statutes on the subject and remember the necessity for the use of postage stamps in conducting the official business of county offices, the conclusion cannot be escaped that the statutes properly construed require them to be supplied with stationery and other necessary articles by the board of supervisors, and that the allowance for the postage stamps should be made.

*Benjamin H. Wells,* for appellee.

The board of supervisors recognize the fact that postage stamps are necessary to be used by the clerk in the transaction of the public business of his office, and if the law as written permits them to make such an allowance, they will very cheerfully do so; but in view of the fact that where postage stamps were intended to be allowed as in § 4264, providing for the office expenses of the county superintendent of education, the word postage was used, and in all of the other sections it was omitted to be used, the board did not feel authorized to pay the account.

CALHOON, J., delivered the opinion of the court.

This is a friendly controversy between the chancery clerk and the board of supervisors of Hinds county. The clerk wants the actual money he has paid out for postage in his official business as clerk refunded to him. The board wants to pay him, if it lawfully can. Both are conscientious; the one wanting not to exact what he is not entitled to, and the other not wanting to appropriate public money without warrant of law. We think the terms "stationery," "and all other necessary articles," in § 296 of the code of 1892, embrace necessary postage used in the public business. The word "stationery" itself is indeterminate, and is to be interpreted in the light of custom and reason. It is hardly conceivable that the lawmaking power designed all officers, great and small, to pay, out of their salaries, the postage on state or county official business. What would become of the state superintendent of education, governor, secretary of state, land commissioner, supreme court clerk, and others? Uniform usage in the state, tiding over all the legislative sessions, furnishes a practical construction of the statute which cannot be overlooked. So far as we know, corporations, banks, partnerships and individual business enterprises include outlays for postage under the head of "stationery." But that word is re-enforced in the statute before us by the words "and all other necessary articles," and certainly postage stamps are indispensably necessary. The solitary instance where the word "postage" is used is in Code 1892, § 4264, in the chapter on county superintendent of public education, and there the words "and all other necessary articles" do not appear, and we cannot, because of the use of the word in this section, overturn the settled usage of the state.

*Reversed and remanded.*